JAMES N. KRAMER (SBN 154709)
*Email: jkramer@orrick.com*
ALEXANDER K. TALARIDES (SBN 268068)
*Email: atalarides@orrick.com*
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:      (415) 773-5700
Facsimile:      (415) 773-5759

Attorneys for Defendants Nextracker Inc.,
Daniel Shugar, David Bennett, Howard Wenger,
Charles Boynton, and Nicholas "Marco" Miller

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIEL WEBER, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>NEXTRACKER INC., ET AL.,<br><br>                    Defendants. | Case No. 5:24-cv-09467-PCP<br><br>**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date:        December 4, 2025<br>Time:       10:00 a.m.<br>Judge:      Honorable P. Casey Pitts<br>Ctrm:       8, 4th Floor |

Defendants Nextracker Inc. ("Nextracker" or "Company"), Daniel Shugar, David Bennett, Howard Wenger, Charles Boynton, and Nicholas "Marco" Miller respectfully request that the Court consider the documents identified below in connection with Defendants' Motion to Dismiss ("Motion to Dismiss" or "Mot.") the Amended Class Action Complaint for Violation of the Federal Securities Laws ("Complaint" or "AC") filed by Lead Plaintiff Ryan Barker and additional plaintiff Charles Bennett's ("Plaintiffs"). The documents are attached as Exhibits 1-11 to the Declaration of Alexander K. Talarides in Support of the Motion to Dismiss ("Talarides Declaration" or "Decl.").

## I.    INTRODUCTION

On a motion to dismiss a securities fraud complaint, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Each of the documents described below has been incorporated by reference into the Complaint and/or is the proper subject of judicial notice under Federal Rule of Evidence 201. The Court should thus consider the documents in connection with Defendants' Motion to Dismiss.

## II.    EXHIBITS 1-11 ARE INCORPORATED BY REFERENCE INTO THE COMPLAINT AND/OR SUBJECT TO JUDICIAL NOTICE

"[I]ncorporation by reference is a judicial doctrine that prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken or extinguish their claims." *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). "A defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (quotations omitted); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("The court may treat such a document as 'part of the complaint' … and thus may assume that its contents are true for purposes of a motion to dismiss.").

In addition, distinct from the incorporation by reference doctrine, Federal Rule of Evidence 201 authorizes the Court to take judicial notice of "matters of public record outside the pleadings." *In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005). Because they are matters of public record, "[c]ourts in securities actions routinely take judicial notice of SEC filings … [and] investor call transcripts and presentations." *In re Intel Corp. Sec. Litig.*, 2025 WL 1914884, at *5 (N.D. Cal. Mar. 4, 2025); *see also Metzler Inv. GmBH v. Corinthian Colls.*, Inc., 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (on motion to dismiss, judicial notice of SEC filings is "proper"); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (on motion to dismiss, court may consider "any matter subject to judicial notice, such as SEC filings"); *In re Sentinelone, Inc. Sec. Litig.*, 2024 WL 3297150, at *3 (N.D. Cal. July 2, 2024) ("Courts routinely take judicial notice of transcripts of calls with and presentations to investors in securities cases."); *In re Extreme Networks, Inc. S'holder Deriv. Litig.*, 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008) ("Public records, such as SEC filings, are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss"); *Glazing Emps. & Glaziers Union Loc. #27 Pension & Ret. Fund v. iRhythm Techs., Inc.*, 2025 WL 1569421, at *5 (N.D. Cal. June 3, 2025) ("[C]ourts routinely take judicial notice of SEC filings in securities cases … [and] conference call transcripts are [also] 'proper subjects of judicial notice'").

Here, Plaintiffs' allegations and claims are based on "public documents, conference calls, wire and press releases and other announcements of [D]efendants," including "Nextracker's [SEC] filings." AC at 1. The Exhibits to the Talarides Declaration are all such documents.

**Exhibit 1** is a true and correct copy of relevant excerpts of Nextracker's publicly available Form 10-Q filed with the SEC on February 7, 2024. *See* Talarides Decl. ¶ 3. In addition to being a publicly available SEC filing that is subject to judicial notice, and also being referenced in the Complaint, *see* AC ¶ 79, this Form 10-Q contains cautionary disclosures that the Private Securities Litigation Reform Act requires the Court to consider on a motion to dismiss that, like here, invokes the statute's safe harbor for forward-looking statements, *see* Mot. at 14-16; 15 U.S.C. § 78u-5(e).

**Exhibit 2** is a true and correct copy of relevant excerpts of Nextracker's publicly available Form 10-K filed with the SEC on May 28, 2024. *See* Talarides Decl. ¶ 4. In addition to being a publicly available SEC filing that is subject to judicial notice, this Form 10-K is referenced and

quoted in the Complaint and contains two of the challenged statements that Plaintiffs allege were materially false and misleading in violation of Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 (collectively, "Section 10(b)"). *See* AC ¶¶ 90-93.

**Exhibits 3** is a true and correct copy of relevant excerpts of Nextracker's publicly available Form 8-K filed with the SEC on July 26, 2023, and **Exhibit 4** is a true and correct copy of relevant excerpts of Nextracker's publicly available Form 8-K filed with the SEC on October 25, 2023. *See* Talarides Decl. ¶¶ 5-6. In addition to being publicly available SEC filings that are subject to judicial notice, these Forms 8-K contain the press releases announcing quarterly financial results that are referenced in the Complaint and relied upon by Plaintiffs in support of their allegation that Nextracker raised its annual revenue guidance every quarter prior to the alleged class period of May 14, 2024 to August 1, 2024 ("Class Period"). *See* AC ¶¶ 36-37, 39. Plaintiffs allege that Defendants' failure to raise their guidance at the end of the Class Period as they had done in the announcements contained in these Forms 8-K "revealed" "revenue shortfalls caused by backlog conversion delays" that were supposedly concealed from investors during the Class Period. *Id.* ¶¶ 96, 98.

**Exhibit 5** is a true and correct copy of relevant excerpts of Nextracker's publicly available Form 8-K filed with the SEC on May 14, 2024. *See* Talarides Decl. ¶ 7. In addition to being a publicly available SEC filing that is subject to judicial notice, this Form 8-K contains the press release announcing the annual revenue guidance for FY 2025 that is referenced in the Complaint and that is the catalyst of this lawsuit. *See* AC ¶¶ 12, 96, 98. The press release included in this Form 8-K is also referenced and quoted in the Complaint and contains one of the challenged statements that Plaintiffs allege was materially false and misleading in violation of Section 10(b). *Id.* ¶¶ 84-85.

**Exhibit 6** is a true and correct copy of relevant excerpts of Nextracker's publicly available Form 8-K filed with the SEC on August 1, 2024. *See* Talarides Decl. ¶ 8. In addition to being a publicly available SEC filing that is subject to judicial notice, this Form 8-K contains a press release that is referenced in the Complaint. *See* AC ¶ 96. The press release included in this Form 8-K announced quarterly financial results that are likewise referenced in the Complaint and that Plaintiffs allege revealed "revenue shortfalls caused by backlog conversion delays" that were supposedly concealed from investors during the Class Period. *Id.* ¶¶ 12, 96, 98.

**Exhibit 7** is a true and correct copy of relevant excerpts of Nextracker's publicly available Form 8-K filed with the SEC on October 30, 2024. *See* Talarides Decl. ¶ 9. In addition to being a publicly available SEC filing that is subject to judicial notice, this Form 8-K contains the press release announcing quarterly financial results that are referenced in the Complaint and relied upon by Plaintiffs to assert that Nextracker was experiencing revenue shortfalls caused by backlog conversion delays, resulting in the "continued" decline of the Company's stock price. *See* AC ¶ 102.

**Exhibit 8** is a true and correct copy of relevant excerpts of Nextracker's publicly available Form 8-K filed with the SEC on May 14, 2025. *See* Talarides Decl. ¶ 10. In addition to being a publicly available SEC filing that is subject to judicial notice, this Form 8-K contains the press release announcing Nextracker's revenue results in FY 2025, which are the subject of the annual revenue guidance that is the predicate of Plaintiffs' claims. *See* AC ¶¶ 12, 34, 39, 84, 96, 98, 102.

**Exhibit 9** is a true and correct copy of the publicly available transcript of Nextracker's earnings call on May 14, 2024, and **Exhibit 10** is a true and correct copy of the publicly available transcript of Nextracker's investor conference presentation on June 17, 2024. *See* Talarides Decl. ¶¶ 11-12. In addition to being publicly available and thus subject to judicial notice, these transcripts are quoted by the Complaint and collectively contain four of the challenged statements that Plaintiffs allege were materially false and misleading in violation of Section 10(b). *See* AC ¶¶ 86-90, 94-95.

Lastly, **Exhibit 11** is a true and correct copy of the publicly available transcript of Nextracker's earnings call on August 1, 2024. *See* Talarides Decl. ¶ 13. In addition to being publicly available and thus subject to judicial notice, this transcript is quoted by the Complaint and contains statements by Defendants that Plaintiffs allege revealed the negative "truth" about Nextracker's business that was supposedly concealed from investors during the Class Period. *See* AC ¶ 97.

## III.    CONCLUSION

For these reasons, the Court should find that Exhibits 1-11 to the Talarides Declaration are incorporated by reference into the Complaint and/or take judicial notice of the Exhibits.

Dated: August 8, 2025                                ORRICK, HERRINGTON & SUTCLIFFE LLP

                                                            */s/ James N. Kramer*
                                                            JAMES N. KRAMER

DEFENDANTS' RJN ISO MOTION TO DISMISS
                                                            CASE NO. 5:24-CV-09467-PCP